# EXHIBIT B

# EXHIBIT B-1

8/22/2019 2:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36197008
By: Miaeda Hutchinson
Filed: 8/22/2019 2:38 PM

*2019-58754 / Court: 165*

**Cause No. _____**

| | | |
|---|---|---|
| ROJELIO GONZALEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rojelio Gonzalez ("Plaintiff"), and files this, his Original Petition and

Request for Disclosure against Defendant American Security Insurance Company ("Defendant"),

and in support thereof would respectfully show unto the Court the following:

**DISCOVERY CONTROL PLAN**

Plaintiff intends to conduct discovery in this matter under Level 2, in accordance with

Texas Rule of Civil Procedure 190.3.

**PARTIES**

1.      At all relevant times, Plaintiff owned a house at 16610 Larchwood Drive,

Humble, Texas 77396.

2.      Defendant is a foreign insurance company organized under the laws of the State

of Delaware with its principal place of business at 260 Interstate North Circle, S.E., Atlanta,

Georgia 30339.

3.      Defendant is authorized to do business in Texas and has designated Corporation Service Company located at 211 East 7ᵗʰ Street, Suite 620, Austin, Texas 78701-3218 as its agent for service of process.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.      All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, Texas. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Harris County, Texas. The damages being sought by Plaintiff are in excess of the minimum jurisdictional requirements of this Court.

6.      The Court has personal jurisdiction over Defendant because Defendant does business in and is authorized to do business in the State of Texas and because Defendant issued a policy of insurance covering property that is located in this district.

## PLAINTIFF'S LOSS

7.      Plaintiff owned the property at 16610 Larchwood Drive, Humble, Texas 77396 (the "Property") at all relevant times.

8.      The Property sustained significant flood damage when Hurricane Harvey ("Harvey") struck the Houston, Texas area on or about August 26, 2017.

9.      Defendant issued an insurance policy (Policy No. RFL741429900) (the "Insurance Policy") covering the Property, which was in full force and effect at the time Harvey struck.

10.     Plaintiff had paid all premiums for the Insurance Policy when Harvey damaged Plaintiff's property.

2

11.   The Insurance Policy covered Plaintiff's Property for damage caused by flood, among other perils.

12.   Plaintiff has already incurred and will incur significant expenses to repair the flood damage that Harvey caused at the Property.

13.   Shortly after Harvey, Plaintiff notified Defendant of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy.

14.   Defendant assigned an adjuster to investigate and adjust the loss.

15.   The adjuster visited the property but failed to fully and fairly investigate the loss.

16.   The adjuster prepared a damage estimate but failed to abide by the terms of the Insurance Policy, Defendant's general company claims handling standards, and/or with recognized claims handling standards.

17.   The adjuster improperly omitted and undervalued covered losses from flood damage caused by Harvey to Plaintiff's Property.

18.   Defendant failed to pay Plaintiff for covered flood damage to the Property caused by Harvey.

19.   Plaintiff submitted a damage assessment to Defendant, seeking payment of the damaged property, less the policy deductible.

20.   The amount sought by Plaintiff was based on a firsthand inspection and damage assessment prepared by Plaintiff's experts. The damage assessment included a room-by-room, line-by-line, unit cost damage estimate. Plaintiff's experts found that the flood damage greatly exceeded the amount and scope of Defendant's adjustment.

21.     Defendant has unreasonably refused to acknowledge Plaintiff's expert's damage assessment as a basis for coverage and has failed to issue payment based on said damage assessment.

22.     Harvey flood waters caused every loss Plaintiff has identified.

23.     Defendant knows that Plaintiff is entitled to payment of insurance proceeds under the terms of the flood insurance policy that Defendant issued for the items of loss that Plaintiff has identified.

24.     Defendant has no reasonable basis for refusing to pay for the Harvey flood losses for which Plaintiff seeks insurance proceeds.

25.     Defendant's actions constitute a breach of the common law duty of good faith and fair dealing.

26.     Defendant has knowingly and intentionally misrepresented Plaintiff's insurance coverage to Plaintiff to avoid complying with its contractual obligation to pay for Plaintiff's covered losses due to Harvey flood damage.

27.     Defendant's obstinate refusal to acknowledge its coverage responsibilities out of court has required Plaintiff to file this action, thereby causing Plaintiff and this Court to endure unnecessary burden, expense, and delay.

28.     Plaintiff has filed this suit to recover the amount owed under the Insurance Policy, which Defendant wrongfully denied.

## COUNT I
## BREACH OF CONTRACT

29.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

4

30.     Plaintiff and Defendant entered into a contract for insurance coverage when Plaintiff purchased and Defendant issued the Insurance Policy.

31.     Plaintiff paid his policy premiums and otherwise maintained the Insurance Policy, which was in good standing at the time the Property sustained flood loss in August 2017.

32.     Plaintiff has complied with all obligations owed under the Insurance Policy, including conditions precedent to recovery.

33.     Defendant, however, has breached its contractual obligations by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented in Plaintiff's written demand for payment and supporting documents.

34.     Defendant's improper denial has harmed Plaintiff by denying the money to which Plaintiff is entitled under the terms of the Insurance Policy.

## COUNT II
## VIOLATION OF TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES AND
## MISREPRESENTATION OF INSURANCE POLICY

35.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

36.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code § 541.060; and Misrepresentation of Insurance Policy, §541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

37.     Defendant's practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1); § 541.061.

5

38.     Defendant's practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Insurance Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A); § 541.061.

39.     Defendant's practice of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3); § 541.061.

40.     Defendant's practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

41.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

**COUNT III**
**VIOLATION OF TEXAS INSURANCE CODE:**
**PROMPT PAYMENT OF CLAIMS**

42.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

43.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code, Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

6

44.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

45.     Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

46.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

**COUNT IV**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

47.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

48.     The Insurance Policy was an insurance contract that existed between Plaintiff and Defendant. The Insurance Policy provided coverage for flood events during the life of the policy, providing coverage for dwelling.

49.     As a party to the Insurance Policy contract, Defendant owed a duty of good faith and fair dealing to the Plaintiff.

50.     However, Defendant engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiff.

51.     By failing to timely and adequately assess the Plaintiff's damages, refusing to properly adjust the loss, and refusing to pay money it owed under the Insurance Policy, despite knowing the damage was covered thereunder, Defendant has acted arbitrarily, capriciously, in a

manner inconsistent with the reasonable expectations of the Plaintiff, and in violation of the duties of good faith and fair dealing.

52.     For these reasons and others set out in this Petition, Defendant breached the duty of good faith and fair dealing owed to Plaintiff, proximately causing Plaintiff to suffer damages, including economic damage and emotional distress caused by the denial.

53.     Defendant is liable to Plaintiff for compensatory, consequential, and punitive damages as well as attorney fees, costs, expenses, pre-judgment interest, and all other damages and relief as this Court deems just and appropriate.

**COUNT V**
**VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES/**
**CONSUMER PROTECTION ACT**

54.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

55.     Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). The DTPA, Section 17.46, *et seq*., of the Texas Business and Commerce Code, provides additional protection to consumers who are victims of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation, and for attorneys' fees. Defendant's conduct in engaging in such acts and practices has resulted in actual and consequential damages to Plaintiff and supports an award for treble damages.

56.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Deceptive Trade Practices Act and were a producing cause of Plaintiff's damages described herein.

57.     Plaintiff is entitled to actual damages resulting from these violations of the law. These damages include the sums Defendant has wrongfully refused to pay and any consequential damages to Plaintiff's economic welfare in the future, including any exacerbation of economic condition occasioned by the delay in payment of these claims. Plaintiff is also entitled to recovery of treble damages for Defendant's knowing violations.

## DAMAGES

58.     The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiff to suffer damages which include, without limitation, the cost to properly repair the damage to Plaintiff's property.

59.     Defendant "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiff is entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

60.     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with malice and gross negligence as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages.

61.     Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

62.     As a result of Defendant's conduct described herein, Plaintiff has been forced to retain the undersigned attorney to prosecute this action. Plaintiff is entitled to recover reasonable attorneys' fees under any applicable statute.

63.     Plaintiff is entitled to the recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

64.     Plaintiff seeks monetary relief over $200,000 but not more than $500,000.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the materials described in T.R.C.P. Rule 194.2.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that after a trial on the merits, Plaintiff recover from Defendant damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorneys fees, costs of court, and all interest allowed by statute and common law and for such other relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted,

August 22, 2019

s/ Shane McClelland
Shane McClelland
The Law Offices of Shane McClelland
TX Bar# 24046383
440 Cobia Dr. Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax:   (832) 827-4207
Email: Shane@hmtrial.com

*Attorney for Plaintiff*

10

# EXHIBIT B-2

9/23/2019 3:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37043286
By: Mercedes Ramey
Filed: 9/23/2019 3:54 PM

CAUSE NO. 2019-58754

| | | |
|---|---|---|
| ROJELIO GONZALEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| AMERICAN SECURITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| **Defendant.** | § | 165th JUDICIAL DISTRICT |
| | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant American Security Insurance Company files this Original Answer and Requests for Disclosure against Plaintiff Rojelio Gonzalez as follows:

### I.      GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiff and demands strict proof thereof by a preponderance of the evidence.

### II.      AFFIRMATIVE DEFENSES

2.      Plaintiff's claims are barred, in whole or in part, because paragraph C of the "Exclusions" section of the policy excludes losses caused by earth movement, even if the earth movement is caused by flood.

3.      Plaintiff's claims are barred, in whole or in part, because paragraph D.5 of the "Exclusions" section of the policy excludes losses caused by water or waterborne material that (a) backs up through sewers or drains; (b) discharges or overflows from a sump, sump pump, or related equipment; or (c) seeps or leaks on or through the described location.

4.      Plaintiff's claims are barred, in whole or in part, because paragraph D.3 of the

-1-

"Exclusions" section of the policy excludes losses caused by rain, snow, sleet, hail, or water spray.

5.      Plaintiff's claims are barred, in whole or in part, because paragraph D.4 of the "Exclusions" section of the policy excludes losses caused by water, moisture, mildew, or mold damage that results primarily from any condition (a) substantially confined to the building or dwelling or (b) that is within your control, including, but not limited to: (1) design, structural, or mechanical defects; (2) failure, stoppage, or breakage of water or sewer lines, drains, pumps, fixtures, or equipment; or (3) failure to inspect and maintain the property after a flood recedes.

6.      Plaintiff's claims are barred, in whole or in part, because paragraph D.8 of the "Exclusions" section of the policy excludes losses caused by theft, fire, explosion, wind, or windstorm.

7.      Plaintiff's claims are barred, in whole or in part, because paragraph D.9 of the "Exclusions" section of the policy excludes losses caused by any of the following: (a) wear and tear, marring, deterioration; (b) smog, rust or other corrosion, we or dry rot; and (c) discharge, dispersal, seepage, migration, release or escape of pollutants.

8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert the claims presented in the Original Petition.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

10.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim or cause of action for punitive damages.

11.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or

estoppel.

12.     Plaintiff's claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

13.     Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

14.     Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

15.     Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

16.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

17.     Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

18.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff has failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

19.     Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

20.     Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiff was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear.  Accordingly, Defendant had a reasonable basis for denying Plaintiff's claim.

21.     Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

22.     Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

23.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiff is not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

24.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

25.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth

Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

26.     Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

27.     It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

28.     Defendant avers that any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

29.     It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

    a.    Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

    b.    Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

    c.    The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof

required in other criminal proceedings, and thus violates Defendant's rights to due process;

d.    That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

30.    Plaintiff has sustained no injury from the alleged conduct of Defendant.

31.    Plaintiff's claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

32.    Plaintiff's claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiff may have failed to act in good faith.

33.    There has been no reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

34.    Plaintiff is not entitled to the recovery of attorney's fees and has failed to provide the statutory notices required to show entitlement to the same.

35.    Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an unreasonably excessive demand upon Defendant.

36.    Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an excessive demand upon Defendant in bad faith.

37.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not provide Defendant with the requisite pre-suit notice pursuant to Chapter 542A of the Texas Insurance Code.

38.     Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

39.     Defendant expressly reserves and preserves any and all rights and defenses it may have under the Texas Insurance Code, including Chapter 542A.

## III.     REQUESTS FOR DISCLOSURE

40.     Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)–(i).

Respectfully submitted,

McDOWELL HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Brian A. Srubar
    State Bar No. 24098460
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

*ATTORNEYS FOR DEFENDANT*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on September 23, 2019, on the following counsel of record by eServe:

Shane McClelland
The Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, Texas 77494
shane@hmtrial.com

**Attorneys for Plaintiff**

/s/ Brian A. Srubar
Brian A. Srubar